# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DESHAWN LOVETT HUNTER,**

    **Plaintiff,**

vs.                                                                          Case No. **4:10cv431-WS/WCS**

**CORRECTIONAL OFFICER YOUNG,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a *pro se* prisoner currently incarcerated in Pennsylvania. Plaintiff initiated this case in this Court, asserting that certain Defendants assaulted him and he has since been denied medical care. Plaintiff names seven Defendants, and lists three of the Defendants with a Tallahassee address. Doc. 1. However, the Tallahassee address is incorrect because Plaintiff states that those three Defendants are employed at "U.S.P. Atlanta." *Id.*, p. 1. Plaintiff alleges that the assault incident occurred in Atlanta, Georgia. *Id.* Atlanta is located in the Northern District of Georgia, where the primary incident took place, and because at least three of the Defendants are located there, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §

90(a) is in the United States District Court for the Northern District of Georgia, Atlanta Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). The <u>Lipofsky</u> court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* <u>Lipofsky</u>, 861 F.2d at 1259, n. 2. Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing on this transfer.

Accordingly, it is **RECOMMENDED** that this case be transferred to the United States District Court for the Norther District of Georgia, Atlanta Division.

**IN CHAMBERS** at Tallahassee, Florida, on October 12, 2010.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv431-WS/WCS